**STATE OF VERMONT**
**SUPERIOR COURT – ENVIRONMENTAL DIVISION**

|  |  |  |
|---|---|---|
| In re HCRS NOV | { | Docket No. 16-2-13 Vtec |
| (Municipal DRB Notice of Violation) | { | |

## Decision on Cross-Motions for Summary Judgment

Healthcare and Rehabilitation Services of Southeastern Vermont, Inc. (HCRS) appeals a January 15, 2013 decision of the Town of Westminster (Town) Development Review Board (DRB). In the decision, the DRB affirmed a Notice of Violation (NOV) issued to HCRS by the Town Zoning Administrator (ZA) for HCRS's failure to obtain a zoning permit, allegedly in violation of the Town of Westminster Zoning Ordinance (Ordinance). Through its Statement of Questions, HCRS questions whether, under state and federal law, the Town may require it to obtain a zoning permit for the use and occupancy of a state-licensed residential care home serving eight or fewer residents. HCRS also seeks costs, attorneys' fees, and civil damages from the Town. On March 12, 2013, the State of Vermont (State) filed a stipulated motion to intervene in the appeal with respect to HCRS's Questions 1 and 2, regarding state law. HCRS and the Town subsequently moved for summary judgment,[1] and the State specifically moved for summary judgment on Questions 1 and 2. We address all motions for summary judgment in this decision.

George W. Nostrand, Esq. and Richard H. Coutant, Esq. represent HCRS in this matter. The Town is represented by Robert M. Fisher, Esq., and Michael S. McGillion, Esq., and Gavin J. Boyles, Esq. represent the State.

## Factual Background

To put the pending motion into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1. HCRS operates Hilltop Recovery Residence (Hilltop), a state-licensed residential care home serving not more than eight residents, at 94 Westminster Terrace in the Town of Westminster, Vermont.

---

[1] Neither HCRS nor the Town identify the specific questions for which they seek summary judgment, and it is unclear to the Court whether they move for summary judgment on all questions or only Questions 1 and 2. This lack of clarity does not affect our final conclusion, however.

1

2. Hilltop serves residents who have a "handicap" or "disability" as defined in 9 V.S.A. § 4501.

3. Hilltop is located more than 1,000 feet from any other licensed residential care home or group home.

4. The property at 94 Westminster Terrace was used as a single family residence at the time of its sale to HCRS on December 6, 2011.

## Discussion

HCRS appeals a January 15, 2013 DRB decision affirming an NOV issued by the ZA to HCRS for failure to apply for a zoning permit to use HCRS's property at 94 Westminster Terrace as a residential care home serving eight or fewer residents. In this decision, we address motions for summary judgment filed by HCRS and the Town, in addition to the State's motion for summary judgment on HCRS's Questions 1 and 2.[2]

A trial court may only grant summary judgment to a moving party upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). In this case, the parties do not raise any disputes of material fact. Instead, this matter hinges upon disputes of law, and it is therefore appropriate for summary judgment.

### I. HCRS's Questions 1 and 2

Questions 1 and 2 posed by HCRS essentially ask the same question: whether the Town has the authority, specifically in light of 24 V.S.A. § 4412, to require HCRS to apply for and receive a zoning permit to operate a state-licensed residential care home serving eight or fewer residents and located more than 1,000 feet from any other residential care or group home.[3] "Under Vermont law, municipalities 'may define and regulate land development' in any

---

[2] We also note that, because the state has intervened in this matter pursuant to 24 V.S.A. § 4453, the Town bears the burden of proving by a preponderance of the evidence that its challenged ordinance does not violate 24 V.S.A. § 4412(1)(G). See 24 V.S.A. § 4453.

[3] Question 1 asks, "Does the Town of Westminster have authority to require Hilltop Recovery Residence, a state licensed residential care home located more than 1,000 feet away from any other residential care home or group home, to obtain a zoning permit before it may lawfully operate?" (Appellant's Statement of Questions at 1, filed Feb. 6, 2013.) Question 2 asks, "If the Town of Westminster does not require a zoning permit for the sale and occupancy of a single family residence but requires a state licensed residential care home to obtain a zoning permit before it may lawfully operate, is the zoning permit requirement discriminatory and violative of the Vermont Equal Treatment of Housing Act to which all municipalities are subject pursuant to 24 V.S.A. § 4412, et seq.[?]" Id.

manner they establish in their bylaws; *however*, they may *not* enact bylaws that directly conflict with the several specified state laws relating to municipal and regional planning." In re Regan Subdivision Permit, No. 188-9-09 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Dec. 18, 2012) (Durkin, J.) (emphasis in original) (quoting 24 V.S.A. § 4410). In particular, "no bylaws shall directly conflict with sections 4412 and 4413 of [Title 24]." 24 V.S.A. § 4410.

24 V.S.A. § 4412(1)(G) states:

A residential care home or group home to be operated under state licensing or registration, serving not more than eight persons who have a handicap or disability as defined in 9 V.S.A. § 4501, <u>shall be considered by right to constitute a permitted single-family residential use of property</u>, except that no such home shall be so considered if it is located within 1,000 feet of another existing or permitted such home.

(emphasis added). The parties in this case do not dispute that Hilltop is a state licensed residential care home serving not more than eight persons who have a "handicap" or "disability" as defined in 9 V.S.A. § 4501 and is not within 1,000 feet of another residential care or group home. Accordingly, the parties agree that Hilltop should be considered by right a permitted single-family residential use. HCRS's Questions 1 and 2 therefore revolve around the import of the phrase: "considered by right to constitute a permitted single-family residential use of property." 24 V.S.A. § 4412(1)(G).

Under Ordinance § 122(A), a zoning permit is required "prior to the commencement of any development" in the Town. The Ordinance definition of "development," however, excludes the continuing use or occupancy of a single-family residential structure. See State Ex. O. Hilltop was used as a single-family residence before HCRS acquired it, and its future use by HCRS is considered to be single-family residential. Thus, the acquisition of Hilltop by HCRS would not ordinarily require a zoning permit under the Ordinance.

Ordinance § 416.1(A), however, states that for residential care or group homes serving no more than eight disabled persons and not located within 1,000 feet of another such home, "[a] zoning permit shall be required." Despite this requirement, § 416.1(A) recognizes that such residential care or group homes constitute permitted single family residential uses. The Ordinance goes on to state: "The zoning permit shall not be issued until the applicant submits proof that the facility is property registered by the Vermont Department of Social and Rehabilitative Services or Department of Rehabilitation and Aging, as applicable. Site plan review is not required." Id.

The Town contends that Ordinance § 416.1(A) does not conflict with 24 V.S.A. § 4412(1)(G). The Town acknowledges that residential care homes like Hilltop are considered permitted single-family residential uses under state law and the Ordinance and that, generally, the continuation of such uses does not require a zoning permit. However, the Town argues that before it can recognize a residential care home as a permitted single-family residential use, it must receive proof from the home's owner that the home is licensed or registered by the state. To do so, the Town has opted to require the owner of such a home to apply for and receive an administrative or nondiscretionary zoning permit. The Town claims that this requirement is consistent with 24 V.S.A. § 4412(1)(G), that it is nondiscriminatory, and that it is necessary to determine whether a proposed residential care or group home is within 1,000 feet of another such home.

HCRS and the State disagree. Both HCRS and the State note that even if the ZA has no discretion over whether to grant a permit for the operation of a state-licensed residential care home like Hilltop, the requirement to submit and receive such a permit is discriminatory and treats residential care homes differently than other permitted single-family residential uses. For example, the grant of a zoning permit, even one that is nondiscretionary, can be appealed to the DRB and potentially to this Court and the Vermont Supreme Court. Thus, when the Town requires a permit for the sale or occupancy of a residential care home like Hilltop, it not only differentiates between permitted single-family residential uses, it also imposes an appreciable legal burden on the operator of such a home that is not borne by the owners of other single-family residential properties.

We agree with HCRS and the State. Ordinance § 416.1(A), while stating that state-licensed residential care homes serving eight or fewer disabled persons and not located within 1,000 of another such home are permitted single-family residential uses, treats such homes as separate and distinct uses requiring zoning permits. Ordinance § 416.1(A) violates 24 V.S.A. § 4412(1)(G). We recognize that the Town has legitimate policy reasons for requiring the owners of residential care homes to submit proof of licensure, but the Town cannot place a burden on the owners of residential care homes like Hilltop that it does not place on the owners of other single-family residential uses. Thus, we conclude that HCRS does not require a zoning permit for the use and occupancy of Hilltop, and we **VACATE** the October 31, 2012 Notice of Violation.

## II.     HCRS's Questions 3, 4, and 5

HCRS's Question 3 asks, "Does the State of Vermont have exclusive jurisdiction over the licensure, approval and operation of residential care homes?"    (Appellant's Statement of Questions at 1, filed Feb. 6, 2013.)  Because we conclude above that the Town cannot require HCRS to apply for and receive a zoning permit for the use and occupancy of Hilltop under 24 V.S.A. § 4412(1)(G), we do not reach the significantly wider question presented in HCRS's Question 3, which in any case so far exceeds the scope of this case as to constitute a request for an impermissible advisory opinion.  See, e.g., Chase v. State, 2008 VT 107, ¶ 13, 184 Vt. 430 (court lacks constitutional authority to render an advisory opinion).  Accordingly, we **DISMISS** Question 3.

HCRS's Questions 4 and 5 concern violations of the Federal Fair Housing Act and damages, penalties, and attorneys' fees under that Act.[4]  We note that neither HCRS nor the Town mentions the Federal Fair Housing Act in their motions for summary judgment or their responsive filings.  In any case, we need not reach Questions 4 and 5.  The Town's alleged violations of the Federal Fair Housing Act are not within this Court's jurisdiction to consider, nor do we have the authority to assess civil damages or penalties under that Act.  See 4 V.S.A. § 34 (outlining the Environmental Division's limited jurisdiction over claims arising under certain enumerated statutes).  We therefore **DISMISS** HCRS's Questions 4 and 5.[5]

### Conclusion

For the reasons stated above, we **GRANT** HCRS and the State summary judgment on HCRS's Questions 1 and 2.  We conclude that Ordinance § 416.1(A) violates 24 V.S.A. § 4412(1)(G) and that HCRS does not need a zoning permit to operate Hilltop.  Accordingly, we

---

[4]  Question 4 asks, "If a state licensed residential care home is required by the Town of Westminster to obtain a zoning permit before it may lawfully operate does the requirement of a zoning permit constitute a discriminatory housing practice in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601, et seq.?" (Appellant's Statement of Questions at 1, filed Feb. 6, 2013.)  Question 5 asks, "Is the Town of Westminster liable for damages, penalties and reasonable attorneys fees by engaging in discriminatory housing practices directed toward Hilltop Recovery Residence in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601, et seq.?"  Id.

[5]  We also note that on page 9 of HCRS's motion for summary judgment, HCRS states that it seeks costs and attorneys fees under 9 V.S.A. § 4506 for the Town's alleged violation of 9 V.S.A. § 4503(a)(12).  As with HCRS's federal law claims, we questions whether we have the jurisdiction to review such a claim. In any case, HCRS failed to raise any questions relating to 9 V.S.A. § 4506 in their Notice of Appeal or Statement of Questions.  In an appeal before this Court, "[t]he appellant may not raise any question on the appeal not presented in the statement [of questions] as filed."  V.R.E.C.P. 5(f).  For these reasons, we do not address HCRS's claims under 9 V.S.A. § 4506.

**VACATE** the October 31, 2012 Notice of Violation.  In addition, pursuant to 24 V.S.A. § 4453, we order the Town to amend its Ordinance to conform to 24 V.S.A. § 4412(1)(G) within a reasonable amount of time.[6]  Because we **DISMISS** HCRS's Questions 3, 4, and 5, this decision concludes the pending appeal.  A Judgment Order accompanies this decision.

Done at Berlin, Vermont this 19th day of August, 2013.

_____
Thomas G. Walsh, Environmental Judge

---

[6]  In its motion for summary judgment, the State asks this Court to strike Ordinance § 416.1(A).  We note, however, that 24 V.S.A. § 4453 requires this Court to grant a municipality a reasonable period of time to correct any violation of 24 V.S.A. § 4412(1).